UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-23-DLB

RICHARD WHITTINGHAM                                                      PETITIONER

VS.                            MEMORANDUM ORDER

WARDEN CHRISTOPHER ENTZEL                                          RESPONDENT

*** *** *** ***

Federal inmate Richard Whittingham filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits.  (Doc. # 1).  Whittingham's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Whittingham's submission but will deny his request for relief.  As an initial matter, Whittingham acknowledges that he was convicted of multiple federal crimes in the United States District Court for the Eastern District of Michigan, including possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  (*See* Doc. # 1 at 2).  Whittingham was then sentenced to 84 months in prison for his § 841 conviction and 60 months in prison for his § 924(c) conviction, and the Eastern District of Michigan ordered those sentences to be served

1

consecutively, for a total of 144 months in prison. (*See id.* at 2; *see also United States v. Richard Whittingham*, No. 2:19-cr-20224, at Doc. # 53 (E.D. Mich. July 21, 2022)).

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes a violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Whittingham's conviction under § 924(c), he is ineligible to earn FSA time credits, as the BOP determined. (*See* Doc. # 1-1 at 10). And while Whittingham tries to draw a distinction between his own § 924(c) conviction and the language of § 3632(d)(4)(D)(xxii), federal courts have recognized that § 3632(d)(4)(D)(xxii) renders inmates with a § 924(c) conviction ineligible to receive FSA time credits. *See, e.g., Rodriguez v. Knight*, No. 22-cv-6360, 2023 WL 8827495, at *4 (D. N.J. Dec. 21, 2023) ("nothing in the language of § 3632(d)(4)(D)(xxii) indicates or is read to mean that Congress intended only a portion of the inmates with § 924(c) convictions to be ineligible for FSA earn time credits"). Thus, Whittingham's petition is unavailing.

Accordingly, it is **ORDERED** that Whittingham's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** and that this action is **STRICKEN** from the Court's docket.

This 19th day of February, 2025.



Signed By:
*David L. Bunning*
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Whittingham 25-023 Memorandum.docx